**MICHAEL J. WEINER, ESQ.**
**1 HEMLOCK LANE**
**MORRISTOWN, NJ 07960**
**TEL. (201) 910-2775**
**MW@MICHAELWEINERLAW.COM**
*Attorney for Defendants Isaac Abady and Bottomline Prices, LLC i/s/h/a Bottom Line Prices, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**Newark Division**

---

| | |
|---|---|
| ULTIMA INTERNATIONAL LLC, | : |
| Plaintiff, | CIVIL ACTION NO. 18-cv-8497 (SRC)(CLW) |
| vs. | : |
| ISAAC ABADY, BOTTOM LINE PRICES, LLC, JOHN DOES 1 THROUGH 10 AND ABC COMPANIES 1 THROUGH 10, | : **ANSWER AND DEMAND FOR A JURY TRIAL** |
| Defendants. | : |

---

Defendants Bottomline Prices, LLC ("Bottomline"), sued herein as Bottom Line Prices, LLC, and Isaac Abady, each with a place of business located at 2261 East 8th Street, Brooklyn, New York, by their undersigned attorney, answer the allegations of the Complaint and say as follows:

1.    Defendants deny knowledge and/or information sufficient to form a belief concerning the allegations contained in Paragraph "1" of the Complaint, except defendants admit upon information and belief that plaintiff maintains business addresses at 400 Valley Brook Avenue, Lyndhurst New Jersey and 1009 West 12th Street, Alma, Georgia and that plaintiff transacts business in the State of New Jersey.

1

2.     Defendants admit the allegations contained in Paragraph "2" of the Complaint, except defendants deny that defendant Isaac Abady owns or controls Bottomline.

3.     Defendants admit that, on or about July 26, 2016, Bottomline assigned for the sum of $63,275.52 the rights to a certain quantity of cosmetic products that defendants understood to be genuine Moroccan Oil brand products, which products were then being stored in a public warehouse in Florida (hereinafter referred to as the "Hong Kong Product"). Defendants deny taking physical possession of or physically inspecting the Hong Kong Product, and, except as aforesaid, deny the allegations contained in Paragraph "3" of the Complaint.

4.     Defendants admit that, on or about April 8, 2016, Bottomline assigned for the sum of $38,230.00 the rights to a certain quantity of cosmetic products that defendants understood to be genuine Moroccan Oil brand products, which products were then being held in a public warehouse in Florida (hereinafter referred to as the "E.U. Products"). Defendants deny taking physical possession of or physically inspecting the E.U. Product, and, except as aforesaid, deny the allegations contained in Paragraph "4" of the Complaint. The Hong Kong Product and the E.U. Product will be referred to herein, collectively, as "the Product."

5.     Defendants admit that plaintiff paid to Bottomline the total sum of $102,130.52 for the Product, and, except as aforesaid, deny the allegations contained in Paragraph "5" of the Complaint.

6.     Inasmuch as the Complaint alleges that all of the Product was transported to Hong Kong, the allegation is denied; defendants admit upon information and belief that the Hong Kong Product was delivered to Hong Kong and affirmatively assert upon information and belief that the E.U. Product was delivered to a destination in the European Union believed to be within either the United Kingdom or the Federal Republic of Germany. Except as aforesaid, defendants

deny knowledge and/or information sufficient to form a belief concerning the remainder of the allegations contained in Paragraph "6" of the Complaint and, therefore, deny said allegations, leaving the plaintiff to its proof.

7. Defendants admit upon information and belief that the Hong Kong Product was returned to the public warehouse in Miami from which it had previously been shipped. Defendants deny upon information and belief that the E.U. Product was ever returned. Defendants admit that the plaintiff contacted them seeking a refund. Except as aforesaid, Defendants deny the allegations contained in Paragraph "7" of the Complaint.

8. With regard to the Hong Kong Product, Defendants admit that Bottomline undertook to refund the purchase price and admit that, to date, Bottomline has been unable to return the funds. Defendants deny that either of them undertook to refund the purchase price for the E.U. Product. Defendants affirmatively assert that the entity from which Bottomline purchased the Product, Made in Dade Trading LLC ("Made in Dade"), failed to refund the purchase price paid by Bottomline to Made in Dade for the Product and that, upon information and belief, Made in Dade and its principal, Rigo Acosta, are insolvent. Except as aforesaid, Defendants deny the allegations contained in Paragraph "8" of the Complaint.

9. With regard to the Hong Kong product, Defendants admit that Bottomline undertook to refund the purchase price and admit that, to date, Bottomline has been unable to return the funds. Defendants deny that either of them undertook to refund the purchase price for the E.U. Product. Defendants affirmatively assert that the entity from which Bottomline purchased the Product, Made in Dade, failed to refund the purchase price paid by Bottom Line to Made in Dade for the Product and that, upon information and belief, Made in Dade became

insolvent.  Except as aforesaid, Defendants deny the allegations contained in Paragraph "9" of the Complaint.

11. Defendants admit the allegations contained in Paragraph "10" of the Complaint.

## Answering the First Cause of Action – Breach of Contract

11. Defendants repeat their answers to the allegations contained in Paragraphs "1" through "10" of the Complaint as though set forth herein at length.

12. Defendants admit that, in defendant Isaac Abady's capacity as a disclosed agent for Bottomline, he agreed that Bottomline would refund the purchase proceeds for the Hong Kong Product.  Except as aforesaid, Defendants deny the allegations contained in Paragraph "12" of the Complaint.

13. Defendants deny the allegations contained in Paragraph "13" of the Complaint.

## Answering the Second Cause of Action – Unjust Enrichment

14. Defendants repeat their answers to the allegations set forth in Paragraphs "1" through "13" of the Complaint as though set forth herein at length.

15. Defendants admit upon information and belief that the plaintiff returned the Hong Kong product to the public warehouse from which it was previously shipped and that defendants have been unable to pay the plaintiff reimbursement.  Defendants affirmatively assert that the entity from which Bottomline purchased the Product, Made in Dade, failed to refund the purchase price paid by Bottom Line to Made in Dade for the Product and that, upon information and belief, Made in Dade became insolvent.  Except as aforesaid, Defendants deny the allegations contained in Paragraph "15" of the Complaint.

16. Defendants deny that either of them has been enriched by this transaction inasmuch as Bottomline's assignor, Made in Dade, has failed to refund all or any part of the purchase price paid by Bottomline to Made in Dade.

17. Defendants deny the allegations contained in Paragraph "17" of the Complaint.

<u>Answering the Third Cause of Action – Fraud in the Inducement</u>

18. Defendants repeat the allegations contained in Paragraphs "1" through "17" of the Complaint as though set forth herein at length.

19. Defendants admit that Bottomline undertook to refund the purchase price only for the Hong Kong Product.  Except as aforesaid, defendants deny the allegations contained in Paragraph "19" of the Complaint.

20. Defendants admit that Bottomline undertook to refund the purchase price only for the Hong Kong Product.  Except as aforesaid, defendants deny the allegations contained in Paragraph "20" of the Complaint.

21. Defendants deny that plaintiff had a valid expectation of a refund for the E.U. Product in response to the allegations contained in Paragraph "21" of the Complaint.

22. Defendants deny that they agreed to any refund for the E.U. Product in response to the allegations contained in Paragraph "22" of the Complaint.

23. Defendants deny the allegations contained in Paragraph "23" of the Complaint.

24. Defendants deny the allegations contained in Paragraph "24" of the Complaint.

<u>AFFIRMATIVE DEFENSES</u>

<u>First Affirmative Defense</u>

As a disclosed agent for Bottomline, defendant Abady is not liable for his principal Bottomline's alleged breaches of contract.

Second Affirmative Defense

The claims for relief against defendant Abady are barred by operation of Section 609 of the New York State Limited Liability Company Law.

Third Affirmative Defense

The claims for relief are barred, in whole or in part, pursuant to the statute of frauds of the New Jersey Uniform Commercial Code reprinted at N.J. Rev. Stat. § 12A:2-201.

Fourth Affirmative Defense

Upon information and belief, the plaintiff is a limited liability company organized and existing under the laws of Georgia without a Certificate of Authority to conduct business in the State of New Jersey, notwithstanding the fact that it transacts business in New Jersey.  Subject matter jurisdiction in this action is predicated exclusively on diversity of citizenship.  Consequently, this action must be dismissed because the plaintiff lacks standing to sue in the courts situate in New Jersey pursuant to that section of the New Jersey Revised Uniform Limited Liability Company Act reprinted at N.J. Rev. Stat. § 42:2C-65.

Sixth Affirmative Defense

The Complaint fails, in whole or in part, to state a claim for which relief can be granted.

JURY DEMAND

Defendants Bottomline Prices, LLC and Isaac Abady demand a trial by jury on all issues so triable.

s/ Michael J. Weiner

_____
Michael J. Weiner, Esq.

Dated:  May 3, 2018

DECLARATION PURSUANT TO L.Civ.R. 11.2

Upon information and belief, I hereby declare that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding. I declare under penalty of perjury that the foregoing statement is true and correct. Executed on the 3 day of May, 2018.

s/ Michael J. Weiner

_____
Michael J. Weiner, Esq.